IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAURIE B.,[1]                                                    Case No. 6:20-cv-2173-JR

          Plaintiff,

                                                OPINION & ORDER

    v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

          Defendant.

_____

RUSSO, Magistrate Judge:

Plaintiff moves for an award of attorney fees pursuant to the Equal Access to Justice Act

(EAJA), 28 U.S.C. § 2412.

Plaintiff initially sought judicial review of the Social Security Commissioner's denial of

plaintiff's application for disability benefits pursuant to the Social Security Act.  Plaintiff asserted

the ALJ erred in: (1) evaluating State agency medical physicians; (2) evaluating treating physician

opinion; (3) evaluating State agency psychologists; (4) discrediting plaintiff's testimony; and (5)

ignoring lay witness testimony.  Plaintiff further asserted the evidence submitted to the Appeals

Council showed the ALJ's decision was not supported by substantial evidence.        The

_____

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-
governmental party in this case.

Page 1 – OPINION & ORDER

Commissioner conceded error as to all issues but argued the Court should remand for further proceedings rather than an immediate payment of benefits.  The Court determined a remand for immediate payment of benefits was required.

Under the EAJA, the court "shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... unless [the court] finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A); Meier v. Colvin, 727 F.3d 867, 870 (9th Cir.2013).  "It is the government's burden to show that its position was substantially justified."  Meier, 727 F.3d at 870 (citing Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir.2001)).  Substantial justification means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person."  Pierce v. Underwood, 487 U.S. 552, 565 (1988).  "Put differently, the government's position must have a 'reasonable basis both in law and fact.'"  Meier, 727 F.3d at 870 (quoting Pierce, 487 U.S. at 565).  In this case, the government does not argue its position was substantially justified.  However, the government asserts plaintiff's fee request is excessive.

Plaintiff's counsel seeks a total of $13,350.40 for 2.9 hours of work at a rate of $207.78 per hour and 58.6 hours at rate of $217.54 per hour.[2]

The EAJA specifically provides for an award of "reasonable" attorney fees. 28 U.S.C. 2412(d)(2)(A). In determining reasonable attorney fees, the Court uses the "lodestar" method in which the number of hours reasonably expended on the litigation are multiplied by a reasonable hourly rate. Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1135 (9th Cir. 2012) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)); see also Comm'r, I.N.S. v. Jean, 496 U.S. 154, 161 (1990) ("once a private litigant has met the multiple conditions for eligibility for EAJA fees,

---

[2] In addition, plaintiff seeks leave to submit a supplemental petition for time spent defending the EAJA request against the Commissioner's objections.

Page 2 – OPINION & ORDER

the district court's task of determining what fee is reasonable is essentially the same as that described in Hensley"). "'[E]xcessive, redundant, or otherwise unnecessary' hours should be excluded from a fee award, and charges that are not properly billable to a client are not properly billable to the government." Kirk v. Berryhill, 244 F.Supp.3d 1077, 1082 (E.D. Cal. 2017) (quoting Hensley, 461 U.S. at 434).

The government focuses on previous Oregon social security cases and asserts that practitioners typically seek less than $10,000 in fees and frequently settle for between $3,000-$8,000 in routine cases.  The government also asserts transcripts in typical cases run 1100-1700 pages, whereas the transcript in this case is 2,146 pages in length.  However, the Ninth Circuit has cautioned against reviewing the amount of time spent in other cases to decide how much time an attorney could reasonably spend on the particular case before the court because that determination will always depend on case-specific factors including the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained.  Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1136 (9th Cir. 2012).

The government specifically argues plaintiff's counsel has a "pattern to write an extended length pleading and then pare it down in editing. In the current case, Counsel spent 35.2 hours on drafting and editing the opening brief, and 10.2 hours on the reply brief (61.5 total hours on the case)."  Response (ECF 23) at p. 7.  Accordingly, the government objects to 11.2 hours spent on editing but asks the Court to reduce the hours to 50.[3]

"[L]awyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees" because "[t]he payoff is too uncertain." Moreno v. City of Sacramento, 534

---

[3] Plaintiff's counsel clarifies in his reply that the hours spent on condensing the opening and reply briefs amounted to about five hours and he spent about 1.8 hours adding argument concerning whether remand should be for an award of benefits and to address evidence of suicide attempts/hospitalizations, with the remainder of the time spent on typical editing tasks.

F.3d 1106, 1112 (9th Cir.2008).  As a result, courts should generally defer to the "winning lawyer's professional judgment as to how much time he was required to spend on the case." Id.   The government asserts experienced social security attorneys such as plaintiff's counsel should be "mindful of this Court's preference for 20 pages while he is drafting his opening and reply briefs," and instead of writing a 30-page brief and then editing it down to 20, he should just write a 20-page brief at the outset."  Response (ECF 23) at p. 8.  However, the Court, given its own experience with the benefits of a succinct argument, understands that whether time is spent ensuring that an argument is properly developed and concisely made at the outset or through multiple rounds of editing, the hours accrued are often similar.  At a minimum, such time spent is not unreasonable or unnecessary.  The Court finds that the time spent on the case by counsel and the hourly rates are reasonable especially in light of the results obtained.[4]  As such, the Court awards plaintiff fees in the amount of $13,350.40.

As to plaintiff's request for leave to submit a supplemental petition for time spent defending the EAJA request, the Court notes that the EAJA fee is paid from taxpayer funds, and it is incumbent upon the government to object to requests for excessive fees and take a close look when fees are requested in a given case that appear to exceed the request in a typical case. Although fee requests are viewed on a case-by-case basis, the government's decision to undertake an effort to protect taxpayer funds based on the fact that a particular fee request exceeds the norm is reasonable.  Nonetheless, fees for fees should be denied only for time spent defending rates that were reduced, whereas time spent defending rates that the Court ultimately finds reasonable is compensable.  Kenneth A. v. Berryhill, 2019 WL 377613, at *7 (D. Or. Jan. 30, 2019).

---

[4] The requested rates are consistent with the "statutory maximum rates" under the EAJA. See, e.g., UNITED STATES COURTS FOR THE NINTH CIRCUIT, STATUTORY MAXIMUM RATES UNDER THE EQUAL ACCESS TO JUSTICE ACT. https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.

Page 4 – OPINION & ORDER

Accordingly, plaintiff is granted leave to submit a supplemental petition for time spent defending the EAJA fee request.

## CONCLUSION

Plaintiff's petition for fees (ECF 21)  is granted.  Pursuant to the EAJA, 28 U.S.C. § 2412, it is hereby ordered that EAJA attorney's fees of $14,350.40 shall be awarded to plaintiff. If it is determined that plaintiff's EAJA fees are not subject to any offset allowed under the Department of the Treasury's Offset Program, as discussed in Astrue v. Ratliff, 560 U.S. 586 (2010), then the check for EAJA fees shall be made payable to plaintiff's attorney in the amount noted above, or in an amount representing the remaining funds after any offset if applicable.  In addition, plaintiff may submit a supplemental petition for time spent defending the EAJA fee request.

DATED this 13th day of June, 2022.

_____
/s/ Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge